# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

SAMUEL A. THORNTON,

        Petitioner,               Case Number: 06-CV-13353

v.                                      HONORABLE SEAN F. COX

BUREAU OF PRISONS, ET AL.,

        Respondent.

_____/

## OPINION AND ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S MOTION FOR PRELIMINARY INJUNCTION

Petitioner Samuel A. Thornton has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.  Petitioner, who is currently confined at the Federal Correctional Institution in Milan, Michigan, challenges the Federal Bureau of Prisons' (BOP) regulations and policies which limit the placement of federal prisoners in community corrections centers (CCCs), also known as residential reentry centers (RRCs).  Respondent has filed a response in opposition.

### I.

On February 7, 2006, Petitioner was sentenced in the United States District Court for the Western District of Wisconsin to 11 months imprisonment for a supervised release violation.  The BOP has informed Petitioner that, pursuant to BOP policy and regulations which limit the amount of time an inmate may be placed in a CCC, his earliest CCC placement date is December 11, 2006.  Petitioner filed with the warden of FCI-Milan a request for Administrative Remedy, dated June 7, 2006, in which he requested an immediate transfer to a residential reentry center.  His request was denied based upon BOP policy limiting an offender's placement in CCC to the

lesser of the last 10% of an offender's term or six months.  Petitioner argues that the BOP policy and regulations limiting his CCC placement are invalid and violate his rights to Equal Protection and Due Process.  Petitioner seeks immediate consideration for placement in a CCC.

**II.**

The Court may *sua sponte* raise the question of jurisdiction.  Berger v. Cuyahoga County Bar Assoc., 983 F.2d 718, 721 (6th Cir. 1993).  The Court therefore *sua sponte* raises the issue of mootness.  *See* Medberry v. Crosby, 351 F.3d 1049, 1054 n.3 (holding that, because mootness "strik[es] at the heart of federal subject matter jurisdiction" it may be raised *sua sponte*) (internal quotation omitted).

Article III, § 2, of the Constitution requires the existence of a case or controversy through all stages of federal judicial proceedings.  This case or controversy requirement means that, throughout the litigation, the plaintiff "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision."  Lewis v. Continental Bank Corp., 494 U.S. 472, 477 (1990).

The Federal Bureau of Prisons maintains an Inmate Locator Service, which may be accessed through the Bureau of Prisons' official website (www.bop.gov).  The Inmate Locator Service enables the public to track the location of federal inmates.  The Court is permitted to take judicial notice of information on the Inmate Locator Service.  *See* Fed. R. Evid. 201(c); Chukwuemeka v. Hogsten, No. 05-2531; 2006 WL 42175, n.2 (M.D. Pa. Jan. 6, 2006); Meador v. O'Brien, No. 04-224; 2005 WL 2133598, * 4 (E.D. Ky. Aug. 31, 2005).  The Inmate Locator Service indicates that Petitioner is now housed at a CCC in Illinois.  The relief Petitioner seeks in his habeas petition is an order from this Court requiring the BOP to consider him for transfer

to a CCC. Because Petitioner has been afforded the relief sought in his petition, the Court concludes that there remains no actual injury which the Court could redress with a favorable decision. *Accord* Elwood v. Sanders, 152 Fed. Appx. 558 (8th Cir. Nov. 2, 2005) (unpublished) (holding that petitioner's release pending appeal rendered moot challenge to BOP's policy preventing his transfer to CCC); Chhibba v. Fed. Bureau of Prisons, 154 Fed. Appx. 279 (3d Cir. Oct. 19, 2005) (unpublished) (same); Vega-Rosado v. Ledezma, No. 06-1269, 2006 WL 2927322 (D. Puerto Rico Oct 11, 2006) (same) (unpublished). The matter, therefore, shall be dismissed as moot.

### III.

The Court finds that the petition no longer presents a justiciable case or controversy. Therefore, **IT IS ORDERED** that the matter is **DISMISSED.**

**IT IS FURTHER ORDERED** that Petitioner's Motion for Preliminary Injunction is **DENIED AS MOOT**.

        S/Sean F. Cox
        Sean F. Cox
        United States District Judge

Dated: February 9, 2007

I hereby certify that on February 9, 2007 a copy of the foregoing document was served upon counsel of record by electronic means and via ordinary mail upon:

Samuel A. Thornton
04982-090
Federal Correctional Institution-Milan
P. O. Box 1000
Milan, MI 48160-1090

        S/J. Hernandez
        Case Manager